IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO.: 7:10-CV-135-H

SED, INC. OF SOUTH CAROLINA D/B/A SED GAMING,

  Plaintiff,

v.

EAST COAST SWEEPSTAKES LLC; ALVIN B. WILLIS; and MCR INCORPORATED,

  Defendants.

**ORDER**

This cause is before the Court upon the following motions filed by Plaintiff:

1) Motion for Leave to Amend Complaint (DE-25); and

2) Motion for Leave to Conduct Advance Third-Party Discovery (DE-26).

Both of these motions have been responded to (DE's 29-30), and they are now ripe for adjudication.

**Motion for Leave to Amend Complaint**

Plaintiff "seeks leave to amend the present complaint to add additional defendants (LS Enterprises, Inc., Frank Azuro, and John Does 1-5) and to clarify its previously-pleaded allegations regarding its ownership of all relevant rights associated with the copyrights and trademarks at issue in this matter." (DE-25, pg. 1). Defendants oppose this request, arguing that the proposed amendments are futile.

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend the pleadings "shall be freely granted when justice so requires." Moreover, "leave to amend a

pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999). As noted above, Defendants assert that Plaintiff's proposed amendments are futile. While leave to amend may be denied if the proposed amendment is futile, Foman v. Davis, 371 U.S. 178, 182 (1962), the Supreme Court has noted that "if the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id*. A proposed amendment is "futile" when "it advances a claim or defense that is legally insufficient on its face." Joyner v. Abbot Laboratories, 674 F. Supp. 185, 190 (E.D.N.C. 1987). *See also* Black & Decker, Inc. v. Greenfield Industries Inc., 1991 WL 239121 (D. Md. 1991)(Memorandum Opinion)("an amendment is considered futile if it could not survive a motion to dismiss or a motion for summary judgment"). At this stage, the factual allegations in Plaintiff's proposed amended complaint must be construed in the light most favorable to it. Flood v. New Hanover County. 125 F.3d 249, 251 (4th Cir. 1997). After reviewing the proposed amendments in the light most favorable to Plaintiff, the undersigned cannot conclude that they are futile. Accordingly, Plaintiff's motion for leave to amend complaint (DE-25) is GRANTED.

**Motion for Leave to Conduct Advance Third-Party Discovery**

Plaintiff also "seeks leave from this Court to serve one third-party subpoena requesting documents pursuant to Fed. R. Civ. P. 45, to obtain the name, address, and contact information for the person or entity associated with the mailing address for LS

Enterprises identified on" an invoice provided by Defendant MCR Incorporated. (DE-26, pg. 2-3). Rule 26(d)(1) permits a party to conduct the discovery requested by Plaintiff with leave of court. Good cause has been shown for Plaintiff's request, which is not opposed by Defendants (DE-30). Accordingly, Plaintiff's motion for leave to conduct advance third-party discovery (DE-26) is GRANTED. Specifically, Plaintiff may immediately serve the third-party subpoena appearing at Exhibit C (DE 26-3) to the instant motion and shall require that the witnesses respond in no less than ten (10) days from the service thereof.

    DONE AND ORDERED in Chambers at Raleigh, North Carolina on Thursday, December 30, 2010.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE